In the Matter of LILLIE SPROUSE, Petitioner, v. GEORGE K. WYMAN, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Determination of respondent Commissioner of the New York State Department of Social Services, dated April 8, 1970, affirming, after a statutory fair hearing, the determination of respondent New York City Department of Social Services discontinuing petitioner's public assistance, unanimously annulled, on the law, without costs and without disbursements, and the matter remanded to the Department of Social Services for further proceedings consistent with this memorandum. Although petitioner apparently failed to disclose that she was the nominal joint owner of a small savings account with her daughter, we are satisfied, from the record before us, that the funds in said account belonged to the daughter, who retained possession of the passbook, and that they were not a concealed resource available to petitioner for her use. Accordingly, there should have been no interruption in the payment of grants to petitioner. Concur — McGivern, J. P., Markewich, Nunez, Murphy and Tilzer, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAFAYETTE SMILEY, Appellant.— Judgment of the Supreme Court, New York County, entered on January 6, 1972, upon defendant's plea of guilty, sentencing defendant to imprisonment for one year to the New York City Correctional Institution for Men, unanimously modified, as a matter of discretion, by reducing the sentence to the time served and, as so modified, the judgment is affirmed. The sentence herein was for one year, and when in May, 1972 defendant was permitted to post bail pending appeal, defendant, had, including presentence jail time, served approximately seven months. In our opinion, considering all the circumstances, the interests of justice will be adequately served by a reduction of the sentence to the time served. Concur — McGivern, J. P., Markewich, Nunez, Murphy and Tilzer, JJ.